UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENISE DENOVA,

    Plaintiff,

v.	Case No. 8:17-cv-2204-T-23AAS

OCWEN LOAN SERVICING,

    Defendant.
_____/

## ORDER

Denise Denova and Ocwen Loan Servicing jointly move to file portions of their motions for summary judgment under seal. (Doc. 39). At the November 7th hearing concerning the parties' motion, the undersigned expressed doubt about whether the materials at issue met the standard for sealing under Local Rule 1.09(a). As a result, the November 26th order required counsel to confer with each other and third-party Aspect Software to determine which materials required sealing and why. (Doc. 57). The parties complied and submitted a joint notice. (Doc. 61).

In relevant part, Local Rule 1.09(a) states the following:

> Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes: (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

1

In their notice, the parties narrowed the prior request to eleven pages from the deposition of Don Hudecek (Senior Product Manager at Aspect Software). (Doc. 61). The parties claim the material in Mr. Hudecek's deposition is "integral" to the parties' motions for summary judgment and highly confidential proprietary information of non-party Aspect Software. (Doc. 39, p. 3; Doc. 61, p. 2).

The parties' notice includes Mr. Hudecek's signed declaration. (Doc. 61, pp. 5–7). Mr. Hudecek states the eleven pages at issue contain highly confidential information about Aspect Software's products. (*Id.*). He also states the information is not publicly available and contains sensitive information about Aspect Software's "product specifications, functionalities, and modes of operations." (*Id.* at 6).

According to the parties, no other means other than sealing the eleven pages from Mr. Hudecek's deposition is available. (Doc. 39, p. 4; Doc. 61). The parties request that the material remain sealed until this litigation ends. (Doc. 39, p. 4). And the parties provided a memorandum of legal authority to support their motion to seal. (Docs. 39, 61).

The parties satisfied the requirements under Local Rule 1.09(a) for sealing eleven pages of Mr. Hudecek's deposition. The following is therefore **ORDERED**:

1. The parties' joint motion for leave to file under seal (Doc. 39) is **GRANTED**.
2. Ms. Denova and Ocwen must re-file in the public record their summary judgment briefing (with exhibits) as attachments to notices of filing (not motions). (Docs. 41–43). The parties may only redact the eleven pages

of Mr. Hudecek's deposition and any text within the briefing necessary to maintain the confidential information contained in those eleven pages. Ms. Denova and Ocwen must comply with this requirement by **January 25, 2019**.

3. The Clerk is **DIRECTED** to upload the unredacted versions of Ms. Denova's and Ocwen's motions for summary judgment (previously presented to the undersigned for in camera review) under seal.

**ENTERED** in Tampa, Florida on January 7, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge