UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENISE DENOVA,

    Plaintiff,

v.                                              CASE NO. 8:17-cv-2204-T-23AAS

OCWEN LOAN SERVICING,

    Defendant.
_____/

## **ORDER**

    Denise DeNova alleges (Doc. 2) that between April 2013 and May 2016, Ocwen Loan Servicing, attempting to collect DeNova's delinquent mortgage, used an "Aspect predictive dialing system" to call DeNova's cellular telephone 1,645 times. (Doc. 67-4) DeNova sues Ocwen (1) under the Telephone Consumer Protection Act (TCPA), which prohibits "using any automatic telephone dialing system or an artificial or prerecorded voice" to call a cellular telephone (Count VII) and (2) under the Florida Consumer Collection Practices Act (FCCPA) and the Fair Debt Collection Practices Act (FDCPA), both of which prohibit a debt collector from employing abusive or harassing collection tactics (Counts I–II, V–VI) and from attempting to collect a debt from a person represented by an attorney (Counts III–IV). DeNova and Ocwen move (Docs. 42, 43) for summary judgment.

A July 26, 2019 report and recommendation (Doc. 85) finds (1) that Ocwen's Aspect system constitutes an "automatic telephone dialing system;" (2) that Ocwen 152 times called DeNova using a "prerecorded voice" under the TCPA; (3) that the FDCPA's one-year statutory limitation bars DeNova from recovering for the 1,374 calls placed before February 1, 2016, and that the FCCPA's two-year statutory limitation bars DeNova from recovering for the 815 calls placed before February 1, 2015; and (4) that a genuine factual dispute remains about whether Ocwen called with a harassing frequency, whether Ocwen knew DeNova had retained an attorney, and whether DeNova revoked consent to receive debt-collection calls. Accordingly, the July 26 report recommends granting-in-part Ocwen's motion for summary judgment and denying DeNova's motion for summary judgment. (Doc. 85 at 36–37)

## DISCUSSION

**Ocwen's TCPA Objection**

Ocwen objects (1) that *ACA International v. FCC*, 885 F.3d 687 (D.C. Cir. 2018), invalidates the declaratory rulings on which the report relies and (2) that — assuming the invalidity of the FCC regulations — Ocwen's Aspect system does not constitute an automatic telephone dialing system under the TCPA.

*i. Whether ACA International invalidates the FCC's interpretation of an ATDS*

Under 47 U.S.C. § 227(b)(1)(A)(iii), a person may not "make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any . . . telephone number assigned to a . . . cellular telephone service."

Section 227(a)(1) defines an "automatic telephone dialing system" (ATDS) as "equipment which has the capacity — (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."

Section 227(b)(2) grants the FCC the authority to promulgate regulations implementing the TCPA. In a 2003 declaratory ruling, the FCC defined ATDS to include a "predictive dialer," described as "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls." 18 FCC Rcd. 14014, 14091–92. A predictive dialer, such as Ocwen's Aspect system, employs an algorithm "to ensure that when a consumer answers the phone, a sales person is available to take the call." 18 FCC Rcd. 14014, 14091–92. However, a predictive dialer lacks the capacity to generate telephone numbers and instead calls from a pre-determined list. The 2003 declaratory ruling finds that, because a predictive dialer can automatically "dial thousands of numbers in a short period of time," the exclusion of a predictive dialer from the definition of an ATDS "would lead to an unintended result." 18 FCC Rcd. 14014, 14092. Accordingly, the 2003 declaratory ruling concludes that a predictive dialer constitutes an ATDS even if unable to generate random telephone numbers. 18 FCC Rcd. 14014, 14092.

In 2008 the FCC affirmed the 2003 declaratory ruling. 23 FCC Rcd. 559, 566. And in 2015 the FCC affirmed both the 2003 and 2008 declaratory rulings and "the

notion that a device can be considered an autodialer even if it has no capacity itself to generate random or sequential numbers (and instead can only dial from an externally supplied set of numbers)." 30 FCC Rcd. 7961, 7971–72.

Addressing a consolidated challenge[1] to the 2015 declaratory ruling, *ACA International v. FCC*, 885 F.3d 687 (D.C. Cir. 2018) (Srinivasan, J.), holds that the ruling contains contradictory guidance and vacates as arbitrary and capricious the FCC's determination about the capacity a system must possess to constitute an ATDS. The 2003, 2008, and 2015 declaratory rulings state that to constitute an ATDS a system must "generate and then dial 'random or sequential numbers.'" However, the 2003, 2008, and 2015 declaratory rulings state elsewhere that a predictive dialer constitutes an ATDS even if unable to generate random or sequential numbers. Analyzing this conflicting guidance, *ACA International* concludes:

> So which is it: does a device qualify as an ATDS only if it can generate random or sequential numbers to be dialed, or can it so qualify even if it lacks that capacity? The 2015 ruling, while speaking to the question in several ways, gives no clear answer (and in fact seems to give both answers). It might be permissible for the Commission to adopt either interpretation. But the Commission cannot, consistent with reasoned decisionmaking, espouse both competing interpretations in the same order.

*ACA International*, 885 F.3d at 703. Accordingly, *ACA International* "set[s] aside the [FCC's] treatment of those matters."

---

[1] The weight of authority considers binding the decision of a circuit court resolving a consolidated challenge to an FCC ruling. *Gonzalez v. Ocwen Loan Servicing, LLC*, 2018 WL 4217065, at *5 (M.D. Fla. Sept. 5, 2018) (Moody, J.) (collecting cases).

Noting a split of authority about whether *ACA International* vacates the 2003 and 2008 declaratory rulings on which the 2015 declaratory ruling relies, the R&R determines that the pre-2015 declaratory rulings remain valid and that the 2003 and 2008 declaratory rulings, which define an ATDS to include a predictive dialer, "should govern here." (Doc. 85 at 12)

Ocwen objects that *ACA International* necessarily vacates the 2003 and 2008 declaratory rulings' interpretation of the type of system that constitutes an ATDS. Although *ACA International* resolves a challenge to the 2015 declaratory ruling, *ACA International* rejects the argument that, because no litigant timely challenged the 2003 and 2008 declaratory rulings, a review of the 2015 declaratory ruling is unavailable. Instead, *ACA International* holds that the 2015 declaratory ruling's affirmance of the earlier rulings "does not shield the agency's pertinent pronouncements from review" because the FCC's "prior rulings left significant uncertainty about the precise functions an autodialer must have the capacity to perform." *ACA International*, 885 F.3d at 700. In other words, *ACA International* rejects not an isolated challenge to the 2015 declaratory ruling but the inconsistent reasoning contained in the 2003 and 2008 declaratory rulings and affirmed in the 2015 declaratory ruling. Assailed by

*ACA International* as contradictory, arbitrary, and exhibiting "two minds," the 2003 and 2008 declaratory rulings merit no deference. The weight of authority agrees.[2]

*ii. Whether the TCPA prohibits the use of a predictive dialer*

Because the R&R determined that the 2003 and 2008 declaratory rulings control, the R&R did not address whether a predictive dialer constitutes an ATDS under the TCPA. Section 227(a)(1) defines an ATDS as:

> equipment which has the capacity —
>
> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers.

DeNova argues that the proximity of the qualifying phrase "using a random or sequential number generator" to "produce" means that the qualifying phrase modifies only "produce" and not "store." Under DeNova's interpretation, to constitute an ATDS the system must either (1) store numbers for calling or (2) produce numbers for calling using a random number generator. DeNova argues that, although lacking the capacity to generate random numbers, a predictive dialer possesses the capacity to "store numbers to be called" and constitutes an ATDS.

---

[2] *Gonzalez v. Ocwen Loan Servicing, LLC*, 2018 WL 4217065, at *6 (M.D. Fla. Sept. 5, 2018) (Moody, J.); *Melvin v. Ocwen Loan Servicing, LLC*, 2019 WL 1980605, at *3 (M.D. Fla. May 3, 2019) (Honeywell, J.); *Adams v. Ocwen Loan Servicing, LLC*, 366 F. Supp. 3d 1350, 1354 (S.D. Fla. 2018) (Oct. 26, 2018) *Thompson-Harbach v. USAA Federal Savings Bank*, 359 F. Supp. 3d 606, 623 (N.D. Iowa 2019); *Sessions v. Barclays Bank Del.*, 317 F. Supp. 3d 1208, 1212 (N.D. Ga. 2018) (May, J.); *Keyes v. Ocwen Loan Servicing, LLC*, 335 F. Supp. 3d 951, 960 (E.D. Mich. 2018); *Herrick v. GoDaddy.com LLC*, 312 F. Supp. 3d 792, 799 (D. Ariz. 2018); *Marshall v. CBE Grp., Inc.*, 2018 WL 1567852, at *5 (D. Nev. Mar. 30, 2018).

However, the "punctuation canon" advises that if a qualifying phrase follows a comma and the comma follows a list, the qualifying phrase qualifies each item in the list — not the last item only. *Bingham, Ltd. v. United States*, 724 F.2d 921, 925–26, n.3 (11th Cir. 1984) (Clark, J.) ("Where the modifier is set off from two or more antecedents by a comma, . . . the comma indicates the drafter's intent that the modifier relate to more than the last antecedent."); Antonin Scalia & Bryan Garner, *Reading Law: The Interpretation of Legal Texts* 161–166 (Thomson West 2012). Because the statutory definition of an ATDS contains a list — "to store or produce" — that precedes a comma and because the qualifying phrase — "using a random or sequential number generator" — follows the comma, the phrase qualifies both "store" and "produce."

Although *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018), finds intolerable ambiguity in the definition of an ATDS and embarks on an ambiguous quest to discover the (always malleable) congressional intent, the natural and grammatical reading of the TCPA's definition of an ATDS — the focus of which is the capacity to generate random or sequential numbers — compels the conclusion that to constitute an ATDS the system must possess the capacity (1) to store telephone numbers using a random or sequential number generator or (2) to produce telephone numbers using a random or sequential number generator. *Gonzalez v. Ocwen Loan Servicing*, 2018 WL 4217065, at *6 (M.D. Fla. Sept. 5, 2018) (Moody, J.); *Brown v. Ocwen Loan Servicing LLC*, 2019 WL 4221718, at *5 (M.D. Fla. Sept. 5, 2019)

(Barber, J.); *Thompson-Harbach v. USAA Federal Savings Bank*, 359 F. Supp. 3d 606, 625 (N.D. Iowa 2019); *Adams v. Safe Home Security Inc.*, 2019 WL 3428776, at *3–4 (N.D. Tex. July 30, 2019); *Keyes v. Ocwen Loan Servicing LLC*, 335 F. Supp. 3d 951, 963 (E.D. Mich. 2018).

Resisting this interpretation, DeNova argues that a system cannot "store" numbers using a random or sequential number generator. But the inclusion of "store" ensures "that a system that generated random numbers and did not dial [the numbers] immediately[] but instead stored [the numbers] for later automatic dialing" constitutes an ATDS. *Johnson v. Yahoo!, Inc.*, 346 F. Supp. 3d 1159, 1162 n.4 (N.D. Ill. 2018). And the occasional redundancy with "store" and "produce" cannot overcome the natural and grammatical reading of the statute.

Also, DeNova argues that reading "using a random or sequential number generator" to qualify both "store" and "produce" nullifies the affirmative defense of consent. Under Section 227(b)(1)(A), a caller may avoid liability under the TCPA if the caller receives consent before calling. DeNova contends that if an ATDS must possess the capacity to generate and call random or sequential numbers, the caller cannot receive consent before calling because the ATDS calls numbers at random. However, the affirmative defense retains force because liability attaches under the TCPA if a person uses a pre-recorded or artificial voice to call a number neither randomly nor sequentially generated. Also, because a system constitutes an ATDS if the system possesses the "capacity" to generate random or sequential numbers,

liability attaches to a caller using an ATDS even if the caller does not use the ATDS's capacity to generate random or sequential numbers.

To constitute an ATDS the system must possess the capacity to generate random or sequential numbers. Ocwen's objection to the report's resolution of the TCPA claim is **SUSTAINED**.

**Remaining Objections**

Ocwen objects that no genuine factual dispute exists about whether Ocwen's collection efforts constitute harassment under the FDCPA and FCCPA, and DeNova objects that no genuine factual dispute exists about whether DeNova revoked consent to receive debt collection calls and whether Ocwen knew DeNova had retained an attorney. An independent review of the record confirms the existence of a genuine factual dispute about whether Ocwen called DeNova with a harassing frequency, whether DeNova revoked consent, and whether Ocwen knew that DeNova had retained an attorney. The remaining objections are **OVERRULED**.

## CONCLUSION

The report and recommendation (Doc. 85) is **ADOPTED-IN-PART**. DeNova's motion for summary judgment (Doc. 42) is **DENIED**. Ocwen's motion for summary judgment (Doc. 43) is **GRANTED-IN-PART** as follows.

1. Summary judgment is **GRANTED** against DeNova's FCCPA claims (Counts I, II, and III) as to the 815 calls placed before February 1, 2015.

Summary judgment is **DENIED** for the 830 calls placed on or after February 1, 2015.

2. Summary judgment is **GRANTED** against Denova's FDCPA claims (Counts IV, V, and IV) as to the 1,374 calls placed before February 1, 2016. Summary judgment is **DENIED** as to the 271 calls placed on or after February 1, 2016.

3. Summary judgment is **GRANTED** against DeNova's claim under the TCPA that Ocwen used an ATDS. (Count VII). Summary judgment is **DENIED** as to DeNova's claim under the TCPA (Count VII) that Ocwen used a pre-recorded voice to call DeNova without consent.

This action is **REFERRED** to mediation. No later than **DECEMBER 20, 2019**, the parties must mediate before Jack Townsend. No later than **OCTOBER 4, 2019**, the parties must file a notice of mediation.

ORDERED in Tampa, Florida, on September 24, 2019.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE